OPINION
Defendant-appellant Keith E. Baker appeals his conviction and sentence entered by the Fairfield County Municipal Court on one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), following a jury's verdict of guilty. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
During the early morning hours of November 12, 1999, Trooper Jeffrey Burroughs of the Ohio State Highway Patrol was traveling westbound on SR 204 in Fairfield County, Ohio, when he observed a vehicle traveling eastbound in excess of the posted speed limit of 45 mph. The trooper immediately turned his cruiser around and followed the vehicle. While following the vehicle, Trooper Burroughs observed it travel left of center on three separate occasions. The trooper initiated a traffic stop. Appellant was ultimately identified as the operator of the vehicle.
Upon his initial contact with appellant, Trooper Burroughs noticed appellant's eyes were glassy and bloodshot, and detected a strong odor of alcohol emanating from appellant's person or vehicle. Appellant admitted to the trooper he had consumed three or four beers. Trooper Burroughs conducted a horizontal gaze nystagmus test of appellant, and observed six out of six clues indicating alcohol impairment. The trooper then asked appellant to perform a number of field sobriety tests, including the walk and turn test, the one leg stand test, and the ABC test. Based upon appellant's performance, Trooper Burroughs placed him under arrest for OMVI and cited appellant for a marked lane violation. Trooper Burroughs transported appellant to the Pickerington Police Department, where appellant submitted to a blood alcohol concentration test. The test results indicated appellant had a breath alcohol level of .099 grams of alcohol by weight per 210 liters of his breath. Appellant subsequently admitted to the trooper he had had four or five beers.
Appellant appeared before the Fairfield County Municipal Court for arraignment on November 17, 1999, and entered a plea of not guilty. Appellant filed a time waiver and jury demand. The matter came on for jury trial on May 9, 2000. Prior to the commencement of trial, Attorney Jonathan Tyack, appellant's counsel, requested guidance from the trial court regarding his intent to elicit testimony about appellant's willingness to submit to the blood alcohol test, and appellant's actual performance of the test. Attorney Tyack also requested a jury instruction informing the jury it could consider appellant's willingness to submit to the test along with the other facts and circumstances in determining whether or not appellant was under the influence of alcohol. The trial court ruled neither the evidence nor the jury instruction would be allowed because appellant had not been arrested for a violation of R.C.4511.19(A)(3), and neither the State nor the defense intended to present an expert witness. Attorney Tyack noted his objection to the ruling. Attorney Tyack renewed his request on three separate occasions during the course of the trial. Each time, the trial court stood by its initial ruling.
After hearing all the evidence and deliberations, the jury found appellant guilty of the offense charged in the complaint. The trial court sentenced appellant to sixty days in the county jail, but suspended 57 of those days on conditions of good behavior. The trial court imposed a fine of $350, and suspended appellant's driver's license for 180 days. The trial court memorialized the conviction and sentence via Journal Entry/Sentence of Court filed May 9, 2000.
It is from this conviction and sentence appellant prosecutes his appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN REFUSING TO ADMIT EVIDENCE OF THE FACT THAT DEFENDANT WILLINGLY SUBMITTED TO A BREATH ALCOHOL TEST.
 II. THE TRIAL COURT ERRED BY REFUSING TO INSTRUCT THE JURY THAT THEY COULD CONSIDER DEFENDANT'S WILLING SUBMISSION TO THE BREATH ALCOHOL TEST IN ITS DETERMINATION OF WHETHER THE DEFENDANT WAS OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.
 I
In his first assignment of error, appellant asserts the trial court erred in refusing to admit evidence of appellant's willingness to submit to a breath alcohol test. Specifically, appellant argues because an offender's unwillingness to submit to a breath alcohol test is admissible and may be considered by a jury when determining whether the offender is under the influence of alcohol, the opposite necessarily holds true. We disagree.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e., unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment.State v. Adams (1980), 62 Ohio St.2d 151, 157.
In the instant action, the trial court overruled appellant's request to introduce evidence of his willingness to submit to a breath test because neither side intended to present expert testimony in order to lay a proper foundation for the admission of the breath alcohol test results into evidence. In the absence of such expert testimony offered by appellant, we do not find the trial court abused its discretion in precluding appellant from eliciting testimony on this issue.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred in refusing to instruct the jury appellant's willingness to submit to the breath alcohol test could be considered in its determination of whether appellant was operating a motor vehicle while under the influence.
Having found no abuse of discretion in the trial court's exclusion of the evidence in our discussion of appellant's first assignment of error,supra, we find no error in the trial court's refusal to give the jury an instruction on this issue.
Appellant's second assignment of error is overruled.
The judgment of the Fairfield County Municipal Court is affirmed.
Hoffman, J.
Gwin, P.J. and Wise, J. concur
 JUDGMENT ENTRY
CASE NO. 00CA34
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is affirmed. Costs assessed to appellant.